IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES LAMONT TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 122-033 |
| | ) |
| FREEDOM MORTGAGE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's second amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.  **PROCEDURAL HISTORY**

Upon screening Plaintiff's original complaint, the Court directed Plaintiff to file an amended complaint because the basis for federal jurisdiction was unclear, and Plaintiff failed to submit sufficient factual detail about his claims. (Doc. no. 4, pp. 3-4.) Upon examination of Plaintiff's first amended complaint, the Court found Plaintiff had not clarified the jurisdictional issue, again did not include sufficient factual detail, and failed to demonstrate the basis for Plaintiff to sue on behalf of Susan Annette Taylor. (See doc. no. 10.) Nonetheless, the Court afforded Plaintiff one, final attempt to cure his pleading deficiencies.

(Id.)  The Court cautioned Plaintiff failure to comply with the terms of the Court's Order would result in a recommendation that his case be dismissed.  (Id. at 5-6.)

## II.     SCREENING THE SECOND AMENDED COMPLAINT

### A.     BACKGROUND

Plaintiff has included a laundry list of statutes he alleges are at issue in this case. (Doc. no. 11, p. 3.)  This list suggests Plaintiff intends to raise some type of claim under federal consumer protection laws, as he references the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"), and the National Banking Act, 12 U.S.C. § 38.  (Id.)  Plaintiff also references a criminal statute, 18 U.S.C. § 215, even though the Court's last Order specifically cautioned "a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another."  (Doc. no. 10, p. 3.)  In subsequent pages, Plaintiff also references the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), as well as "Financial Illegality & Fraud," "Loan Modification Fraud," "Fraudulent Interests & Claims," "Constructive Notice of Fraud & Breach of Oath," and Titles 11 and 12A of the Georgia Statutes.  (Id. at 7-11.)

The complaint form instructs the *pro se* litigant to describe in the Statement of Claim what the defendant did to cause harm or violate the plaintiff's rights.  (Id. at 4.)  In particular, the plaintiff is instructed to provide dates for the alleged wrongful conduct, and if more than one claim is stated, number each claim and write a short and plain statement for each count. (Id.)  The entirety of Plaintiff's statement of claim states:  "Exhibit A, page 1 shows EMM-MSRB fillings (sic) contradict the  public record in Georgia and Richmond County, resulting in fraud.  Exhibit A page 1 also shows loan modification, which are fraudulent acts meant to

deprive me of my property. All transactions associated with the note and mortgage are fraudulent." (Id.)

Page one of Exhibit A, titled Mortgage Loan Audit, is a chart containing a mixture of Plaintiff's handwritten notes and various recordation numbers and terms of a loan initially taken on July 1, 2020, by Susan Annette Taylor. Plaintiff states Ms. Taylor owns the property subject to a mortgage but identifies himself as the "Successor in the interest of the loan."[1] (Id. at 6.) The chart states: "TILA Violations Occurred? Yes; RESPA Violations Occurred? Yes." (Id.) There are six additional pages to the Exhibit, which are not specifically referenced in the Statement of Claim, but which do contain a laundry list of legal terminology and allegations of fraud, illegality, and breach of oath, - as well as sweeping, conclusory allegations of general wrong-doing - without providing factual detail specific to Plaintiff's circumstances. (Id. at 7-12.). There is no mortgage documentation or other paperwork related to a "Loan Modification" which Plaintiff contends has been illegally offered to him. Nor does he allege there has been an actual modification of the loan he has accepted; indeed, he says Defendant "has offered" a modification, but it has "NO INTEREST in [Plaintiff's] property." (Doc. no. 11, p. 8 (emphasis in original).)

Plaintiff requests as relief four million dollars, cancellation of all contracts, and complete discharge of any alleged obligations. (Id. at 4.)

---

[1] The Court's last Order explained Plaintiff had not identified his relationship to Ms. Taylor or explained how he has standing to pursue a claim on her behalf. (Doc. no. 10, p. 4.) Plaintiff's second amended complaint does not address this deficiency beyond the statement Plaintiff is "Successor in the interest of the loan." (Doc. no. 11, p. 6.) Only upon examination of a separate motion to proceed IFP is it revealed that Ms. Taylor is Plaintiff's mother, who passed away on August 18, 2020, "making [Plaintiff] the successor in the interest of the loan. (Original loan documents shows this)." (Doc. no. 12, p. 5.) Even disregarding that this information does not appear in the second amended complaint, the conclusory statement does not show how Plaintiff became the successor in interest on a loan taken by Ms. Taylor. There is no loan document in the record, and Plaintiff does not allege the subject property passed to him as part of his mother's estate.

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The second amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the second amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The second amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the second amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader

4

is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the second amended complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"). Furthermore, although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule

5

10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

> The dim view taken of shotgun pleadings has been described as follows:
>
> > The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." <u>Weiland</u>, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. Third are those that do not separate each claim into a separate count. <u>See id.</u> at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." <u>Id.</u> at 1323.
> >
> > . . . .
> >
> > The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." <u>Beckwith v. Bellsouth Telecomms. Inc.</u>, 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).
>
> <u>Cummings v. Mitchell</u>, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020)

6

(Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court twice explained to Plaintiff he had not provided factual detail about any of his claims.  (Doc. nos. 4, 10.)  The Court also specifically cautioned Plaintiff about not incorporating exhibits by reference as a factual basis for his pleading.  (Doc. no. 4, p. 4; doc. no. 10, p. 5.)  Furthermore, the Court provided a standard complaint form containing explicit instructions to separately number each claim and provide information about the specific actions taken by Defendant that are alleged to have harmed Plaintiff or violated his rights.  (Doc. no. 5, p. 4.)  Other than the date of the initial loan provided in the attached chart, Plaintiff does not provide any specific dates with respect to Defendant's alleged misconduct since he became the "successor in interest" when his mother passed in August 2020.  The signature date on the last page, March 19, 2022, regarding an offer to settle by cancelling all money due on the mortgage loan is only two days before Plaintiff filed this case.  (Compare doc. no. 1, pp. 1, 5 with doc. no. 11, p. 12.)  Despite receiving two opportunities to correct his pleading deficiencies, Plaintiff has not complied with the instructions provided, omitting critical factual detail and when there is factual detail, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  Liebman v Deutsche Bank Nat'l Tr. Co., 462 F. App'x 876, 879 (11th Cir. 2012) (*per curiam*) (citation omitted).

Plaintiff repeatedly refers to "Financial Illegality & Fraud," "Loan Modification Fraud," "Fraudulent Interests & Claims," "Constructive Notice of Fraud & Breach of Oath,"

7

but provides no details about how any "filings contradict the public record," the terms of any offered modification, let alone acceptance that caused harm, the details of any "Mortgage pass-through Certificates," or any "Bank Fraud Dishonor" by Stanley Middleman and All Directors of Defendant. (Doc. no. 11, pp. 7-11.) Fraud must be plead with particularity. Mandala v. Tire Stickers, LLC, 829 F. App'x 896, 901 (11th Cir. 2020) (*per curiam*) (citations omitted) (explaining heightened pleading requirements of Fed. R. Civ. P. 9(b) demand particulars, not mere conclusory allegations of fraud); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) ("Particularity means that a plaintiff must plead 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." (internal citations and quotations omitted).) Plaintiff's conclusory allegations are insufficient to state a plausible fraud claim.

Similarly, even if the Court were to assume for the sake of argument that Plaintiff's conclusory assertion of his status as successor in interest to a mortgage obtained by his mother before her passing, he has not provided any details of alleged TILA, RESPA, or FDCPA claims. His only specific reference to TILA or RESPA is the improper incorporation by reference of a chart with two lines stating: "TILA Violations Occurred? Yes; RESPA Violations Occurred? Yes." (Doc. no. 11, pp. 4, 6.) With regard to a potential TILA claim, failure to allege detrimental reliance is fatal to Plaintiff's claim for actual damages.[2] See Turner v. Beneficial Corp., 242 F.3d 1023, 1024 (11th Cir. 2001). The

---

[2] As described herein, Plaintiff's failure to provide any specific factual details for his claims warrants dismissal, but in the portion of Plaintiff's attachment that discusses "amount of damages," he cites statutory language regarding "any actual damage sustained" as a result of a debt collector failing to comply with the law. (Doc. no. 11, p. 7.)

Court is unable to decipher the exact type of RESPA claim Plaintiff may be attempting to raise, but given the reference to Plaintiff's dissatisfaction with a response from some unidentified entity that did not "completely address each and every concern" Plaintiff had, he may be attempting to raise a claim based on inadequacy of a response to a qualified written request.  See 12 U.S.C. § 2605(e).  Yet again, the lack of detail is fatal to stating a valid claim because the lack of factual detail means the allegations are insufficient "to raise a right to relief about the speculative level."  Frazile v. EMC Mort. Corp., 382 F. App'x 833, 837 (11th Cir. 2010) (*per curiam*) (affirming dismissal of RESPA claim where plaintiff did not allege sufficient facts to raise plausible claim and did not afford defendant fair notice of type of claim alleged).

Nor has Plaintiff provided any details about an alleged FDCPA claim.  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) ("The FDCPA prohibits a 'debt collector' from using a 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'")  Plaintiff provides no details about any the debt at issue or debt collection efforts, let alone allege facts that Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and at best, he simply relies on his sweeping, conclusory allegations of fraud to suggest Defendant is deceptively attempting to collect mortgage payments.  This will not suffice.  See Lapinski v. Leech, 717 F. App'x 970, 971 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint attempting to raise FDCPA claim that was "fraught with legal conclusions and devoid of nonspeculative factual allegations").

Finally, to the extent Plaintiff attempts to pair a citation to 18 U.S.C. § 215 with his conclusory fraud allegations to create some sort of private right of action against the

9

"President, Vice President and All Directors" of Defendant, (doc. no. 11, p. 9), such claims fail because there is no private right of action to enforce the criminal prohibition on receipt of commissions or gifts for procuring loans. See Thibeaux v. U.S. Att'y Gen., 275 F. App'x 889, 893 (11th Cir. 2008) (*per curiam*) (explaining Title 18 criminal statutes "pertain to criminal law and do not provide a civil cause of action or any civil remedies"); see also Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)) (explaining "a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another").

The Eleventh Circuit has affirmed the dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in the submission of multiple amended complaints which amount to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.) Moreover, the shotgun pleading does not separate Plaintiff's claims into discrete counts, supported by factual details tied to each claim. In sum, Plaintiff's pleading fails to provide sufficient details such that the Court could conclude he has any viable claims or that Defendant would have adequate notice of the claims against it and the grounds for those claims.

As the Court has already given Plaintiff multiple opportunities to remedy his pleading deficiencies, to no avail, the federal claims should be dismissed. See Hudson v. Morris, CV

420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

### 3. Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his second amended complaint, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court.[3]  Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  Id. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

---

[3]As noted above, Plaintiff lists multiple sections of Georgia statutes in his attachment to the Statement of Claim.  (See doc. no. 11, pp. 7-11.)

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims potentially serving as the basis for original federal court jurisdiction must be dismissed.  Thus, without the federal claims, the Court concludes any potential state law claims should be dismissed without prejudice.  Vibe Micro, Inc., 878 F.3d at 1296 ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . .  [I]t usually should do so without prejudice as to refiling in state court." ).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this federal case, along with any potential state law claims, be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA